IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH D. HEMBY JR.,                    )
                                         )
                        Plaintiff,       )
                                         )
        v.                               )        Case No. 25-3071-JWL
                                         )
LAURA HOWARD, Secretary, Kansas          )
  Department for Aging and Disability Services; )
LAURA KELLY, Governor;                   )
KRIS KOBACH, Attorney General;           )
LINDSEY DINKLE, Superintendent,          )
  Larned State Hospital;                 )
GABRIEL ROP, Program Director,           )
  Larned State Hospital;                 )
CHRISTINE MOHR, Program Director,        )
  Larned State Hospital; and             )
GERALD DOMITROVIC,                       )
                                         )
                        Defendants.      )
                                         )
_____)


## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action under 42 U.S.C. § 1983 against various state officials and his former court-appointed attorney.  For the reasons set forth below, plaintiff is ordered to show cause in writing, on or before **June 23, 2025**, why this action should not be dismissed for failure to state a claim, as more fully set forth herein. In addition, the Court **grants** plaintiff's motion to proceed in this case *in forma pauperis* (Doc. # 2).

## I.    **Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed in this action *in forma pauperis*.  A court may authorize the commencement of a civil suit without prepayment of fees by a person who has submitted an affidavit showing an inability to pay.  *See* 28 U.S.C. § 1915(a); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (Section 1915's *in forma pauperis* provision "is designed to ensure that indigent litigants have meaningful access to the federal courts.").  Plaintiff's affidavit, which includes a statement of his resident trust account, demonstrates that he is not able to pay the usual filing fee of $405.  Therefore, the Court grants his motion and will allow this action to proceed pursuant to Section 1915 without plaintiff's payment of the filing fee.


## II.    **Background**

According to his complaint, plaintiff was convicted of a sex offense after a trial in 1996.  He was released on parole twice, in 2005 and in 2012, but on each occasion his parole was revoked within a matter of months because of parole violations.  He was set to be released on parole yet again in 2016, but instead he was detained and then civilly committed under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. § 59-29a01 *et seq.*  He has been confined at the Larned State Hospital (LSH), a psychiatric hospital in this State.

In the first two of the three enumerated claims in his complaint, plaintiff appears to challenge the constitutionality of the SPTP under the KSVPA as applied to him, especially in light of having been granted parole in the past, including with respect to his 2024 annual

review of his status by state officials.  In his third claim, plaintiff challenges various disciplinary actions taken against him at LSH over the last four years.  Plaintiff has named as defendants the Kansas Governor; the Kansas Secretary of State; the Secretary of the Kansas Department for Aging and Disability Services (KDADS); and three officials at LSH.  Plaintiff also alleges in his complaint that his court-appointed attorney rendered ineffective assistance by failing to communicate with him and by failing to appeal court decisions relating to his 2024 annual review, and he has named that attorney as an additional defendant.  Plaintiffs seeks declaratory and injunctive relief – including his release from confinement – and seeks monetary damages.

### III.    Applicable Screening Standards

If a plaintiff is proceeding *in forma pauperis* pursuant to Section 1915 – even if the plaintiff is not a prisoner – the Court may screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2); *Ryan v. Kansas*, 2024 WL 4452312, at *2 (D. Kan. Oct. 9, 2024) (Lungstrum, J.) (citing cases).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable

to the plaintiff.  *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a *pro se* plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court need not accept "mere conclusions characterizing pleaded facts."  *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *See Twombly*, 550 U.S. at 555 (internal quotations omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992).  In addressing a claim brought under Section 1983, the analysis begins by identifying the specific constitutional right allegedly infringed.  *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  The validity of the claim then must be judged by reference to the specific constitutional standard that governs that right.  *See id.*

## IV.  <u>Eleventh Amendment Immunity</u>

The Court begins by addressing the application of state officials' immunity from suit under the Eleventh Amendment.  As noted above, plaintiff has named various state officials (the Governor, the Attorney General, the Secretary of KDADS, and three officials at LSH) as defendants, but he has not made clear whether he is suing those defendants in their official capacities or their individual capacities.[1]

As a general rule, "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."  *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)).  Plaintiff seeks both injunctive relief and money damages.  Thus the Court first notes that all claims for money damages against defendants in their official capacities are subject to dismissal, as are all claims for injunctive relief against defendants in their individual capacities.

Moreover, in order to assert a claim for injunctive relief against an official-capacity defendant, the plaintiff must allege that the state official has some connection to the enforcement of the challenged statute – otherwise, the suit is impermissibly attempting to make the State itself a party by naming a mere representative of the State.  *See Hendrickson*

---

[1]  In the caption of his complaint, plaintiff names only the State of Kansas, KDADS, and Secretary Howard as defendants, but in an introductory section of the complaint entitled "Defendants", plaintiff lists only the seven individuals as defendants (while referring to defendants collectively as "the State of Kansas"); thus, the Court has construed the complaint as naming only the individuals as defendants.  Even if plaintiff had intended to name the State and KDADS as additional defendants, those parties would be dismissed on the basis of those entities' Eleventh Amendment immunity.

*v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021).  Specifically, the state official must "have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty."  *See id.* (internal quotations omitted).  In this case, plaintiff challenges the application to him of the KSVPA and particular provisions of that Act.  He has not alleged, however, any facts to show that the Governor or any of the other defendants has any particular responsibility to enforce the statute or its particular provisions.  Thus, all claims against the state officials in their official capacities are subject to dismissal.

### V.    **Personal Participation**

Plaintiffs' claims are also subject to dismissal because he has failed to allege the personal participation of any particular defendant with respect to any particular conduct on which he bases a claim for relief.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in

the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

An assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that his allegations "provide adequate notice as to the nature of the claims against each" defendant. *See Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations" are insufficient to support Section 1983 claims. *Pahls*, 718 F.3d at 1228 (citations omitted).

Moreover, an official's liability may not be predicated solely upon a theory of respondeat superior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). To be held liable under Section 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In his complaint, plaintiff has listed the seven defendants in an introductory section. He has not, however, identified any particular defendant by name with respect to any

particular violation alleged (instead of merely referring generally to "defendants" as a whole). Thus, almost all of plaintiff's claims for damages are subject to dismissal as asserted against all defendants.

The lone exception is that plaintiff has identified the attorney defendant, Gerald Domitrovic, as having failed to communicate with him and failed to appeal adverse rulings with respect to state-court proceedings relating to plaintiff's 2024 annual review; and thus, any claim against that defendant based on that conduct would not be subject to dismissal on this basis (although this claim is subject to dismissal because the attorney is not a state actor, as discussed below). All other claims for damages against Mr. Domitrovic, however, would be subject to dismissal on this basis, as plaintiff has not identified him as a participant with respect to the conduct on which the three enumerated claims are based.

## VI.    <u>Additional Bases for Dismissal</u>

### A.    <u>*Claims 1 and 2 – Constitutionality of KSVPA*</u>

Plaintiff's particular claims are subject to dismissal for additional reasons. In his first two claims, plaintiff alleges that the KSVPA is unconstitutional as applied to him and that he did not meet the statute's standard for committing him, either when first committed or after his 2024 annual review. As a remedy, he seeks his immediate release from confinement. Thus, plaintiff challenges the *fact* of his confinement, not particular *conditions* of his confinement.

As a general rule, one may use Section 1983 to challenge the *conditions* of confinement, but may only challenge the *fact* of confinement by filing a petition for habeas

corpus. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973)); *see also Dwerlkotte v. Mitchell*, 2022 WL 2340845, at *3 (D. Kan. June 29, 2022) (applying the rule in the context of a Section 1983 suit by a civilly-committed plaintiff challenging the KSVPA). Accordingly, plaintiff may only challenge the fact of his present confinement and seek immediate release by instituting a habeas action under 28 U.S.C. § 2254; and these claims for his release under Section 1983 are therefore subject to dismissal.

By his complaint, plaintiff also seeks compensation for his time in confinement. That claim depends on the underlying challenge to the fact of his confinement, however, and it therefore is not cognizable under Section 1983 because plaintiff's civil commitment has not been overturned or invalidated. *See Dwerlkotte*, 2022 WL 2340845, at *5 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)) (applying rule from *Heck* in civil commitment context). Thus, these claims seeking money damages are also subject to dismissal.

Finally, these claims by plaintiff are subject to dismissal on their merits. The United States Supreme Court has found civil commitment under the KSVPA to be constitutional. *See Kansas v. Hendricks*, 521 U.S. 346 (1997). Plaintiff alleges that the program has become impermissibly punitive since that ruling, but plaintiff has not alleged facts to show that any particular changes implicate the retribution and deterrence objectives of punishment. *See Dwerlkotte*, 2022 WL 2340845, at *13-14 (rejecting similar argument regarding the KSVPA).

### B.    *Claim 3 – Disciplinary Actions*

In his third enumerated claim, plaintiff challenges certain "conditions of confinement," namely being placed in seclusion under an Individual Person Management Plan (IPMP) and on Security Risk Status (SRS) as disciplinary measures. He cites disciplinary actions taken twice in 2021, once in 2022, and once in 2024. As discussed above, any such claim is subject to dismissal because plaintiff has not alleged the personal participation of any particular defendant in these actions.

In addition, plaintiff has not stated a viable claim for a violation of federal law with respect to these disciplinary actions. He appears to allege a lack of due process with respect to disciplinary actions taken in 2021 and 2022. Any such claims under Section 1983, however, would plainly be subject to dismissal as time-barred under the applicable two-year statute of limitations. *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006) (two-year limitations period under the law of Kansas, the forum state, governs civil rights claims under Section 1983); *see also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (complaint may be dismissed *sua sponte* under Section 1915 based on a statute-of-limitations defense patently clear from the face of the complaint).

Moreover, plaintiff has not alleged sufficient facts to support a due process claim based on these disciplinary actions. A restrictive condition in the SPTP context may be imposed without being considered punishment and violating the Fourteenth Amendment if "it bears some reasonable relation to the purpose for which persons are committed." *See Burch v. Jordan*, 2010 WL 5391569, at *14 (D. Kan. Dec. 22, 2010) (quoting *Seling v. Young*, 531 U.S. 250, 265 (2001)), *aff'd sub nom. Burch v. Jordan*, 444 F. App'x 236 (10th Cir. 2011). Conditions of confinement cannot give rise to a due process violation unless

10

those conditions constitute atypical and significant hardship on a resident in relation to the ordinary incidents of confined life. *See id.* (citing, *inter alia*, *McKune v. Lile*, 536 U.S. 24, 37 (2002)). A secure facility has a legitimate interest in "maintaining institutional security and preserving internal order and discipline," which "may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees," as well as SVPs. *See Bell v. Wolfish*, 441 U.S. 520, 546 (1979). Consequently, "[l]oss of freedom of choice and privacy are inherent incidents of confinement in such a facility." *See id.* at 537.

Thus, plaintiff must allege facts indicating that the conditions he challenges are excessive in relation to the purposes served by his commitment under the KSVPA. The two main purposes of the KSVPA, as recognized by the United States Supreme Court, are to incapacitate sexually dangerous predators and to provide treatment. *See Hendricks*, 521 U.S. at 366. Plaintiff has given precious few details concerning the violations and the other circumstances surrounding these disciplinary actions. He has not alleged facts to show that those actions were excessive in relation to the purposes of his confinement, or that they were atypical or created a significant hardship in relation to the ordinary incidents of life in the SPTP such that due process was violated.[2] Thus, this claim for a violation of federal law is subject to dismissal.

---

[2] In the "arguments" section of this claim in his complaint, plaintiff cites the case of *King v. Greenblatt*, 149 F.3d 9, 21-22 (1st Cir. 1998), in support of his statement that "[t]he constitutional liberty interest in avoiding bodily restraint encompasses freedom from solitary confinement except in emergencies." In that case, however, the court merely affirmed a consent decree approving of certain policies regarding restrictions; it did not opine on the constitutionality of any particular restriction. *See id.*

11

Plaintiff also alleges that the disciplinary actions violated K.S.A. 59-29a22(b)(6). A violation of state law, however, may not serve as the basis for a claim under Section 1983. *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (citing *Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988)). In addition, even if the Court construed the complaint to include purely state-law claims for violations of the KSVPA, it would decline to exercise supplemental jurisdiction over such claims in this case in the absence of any remaining federal claims. *See Thayer v. Howard*, 2024 WL 1513514, at *11 (D. Kan. Apr. 8, 2024) (following preference of Tenth Circuit in declining to exercise supplemental jurisdiction).

### C.     *Claim Involving Plaintiff's Attorney*

Plaintiff has not included a claim based on the actions of his former court-appointed attorney, Gerald Domitrovic, among the three enumerated claims set forth in his complaint. He has named Mr. Domitrovic as a defendant, however, and the complaint contains allegations that the attorney rendered ineffective assistance of counsel by failing to communicate with him about court proceedings relating to his 2024 annual review and by failing to appeal decisions reached by that state court.

This Court has held, however, that an appointed defense attorney is not a state actor, as required for a claim under Section 1983, when performing a lawyer's traditional functions as counsel in a proceeding under the KSVPA. *See Ryan v. Kansas*, 2024 WL 4452312, at *3 (D. Kan. Oct. 9, 2024) (Lungstrum, J.) (citing, *inter alia*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). In short, plaintiff may not assert such a claim against

his attorney under Section 1983.  Thus, to the extent that plaintiff has attempted to assert a claim against this defendant, such claim would be subject to dismissal.[3]

### VII.    Order to Show Cause

Accordingly, the Court orders plaintiff to show cause, by filing a written response to this order on or before **June 23, 2025**, why the entire action should not be dismissed for the reasons set forth herein.  If plaintiff seeks to add allegations or to amend his original complaint, he should file, along with his written response, an amended complaint in which he sets forth each claim that he is asserting, along with the factual bases for that claim.  The Court will then determine whether plaintiff has stated a cognizable claim for relief under federal law.  If plaintiff fails to file a response by the deadline, the Court will dismiss this action without further notice.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff shall show cause in writing, on or before **June 23, 2025**, why this action should not be dismissed for the reasons set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion to proceed *in forma pauperis* (Doc. # 2) is hereby **granted**.

---

[3] Plaintiff has not alleged any participation by this defendant in any of the other conduct on which he bases his enumerated claims.

IT IS SO ORDERED.

Dated this 23rd day of May, 2025, in Kansas City, Kansas.

   /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge