IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH D. HEMBY JR.,            )
                                 )
                    Plaintiff,   )
                                 )
         v.                      )        Case No. 25-3071-JWL
                                 )
LAURA HOWARD, Secretary, Kansas  )
  Department for Aging and Disability )
  Services, et al.,              )
                                 )
                    Defendants.  )
                                 )
_____)

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action under 42 U.S.C. § 1983 against various state officials and his former court-appointed attorney. By Memorandum and Order of May 23, 2025, the Court concluded that plaintiff had failed to state a claim, and it ordered plaintiff to show cause why the case should not be dismissed on that basis. Plaintiff responded only by filing a motion to amend the complaint, to which he attached his proposed new complaint. For the reasons set forth below, plaintiff's proposed amended complaint does not state a claim for relief, for the same reasons stated in the Court's prior order; and the Court therefore **denies** the motion to amend (Doc. # 4), and it **dismisses the action**.

## I.    <u>Background</u>

As noted in the Court's prior order, plaintiff was convicted of a sex offense after a trial in 1996.  He was released on parole twice, in 2005 and in 2012, but on each occasion his parole was revoked within a matter of months because of parole violations.  He was set to be released on parole yet again in 2016, but instead he was detained and then civilly committed under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. § 59-29a01 *et seq.*  He has been confined at the Larned State Hospital (LSH), a psychiatric hospital in this State.

Plaintiff's original complaint named the following defendants (although he did not specify whether he was suing them in their individual or official capacities): the Kansas Governor; the Kansas Secretary of State; the Secretary of the Kansas Department for Aging and Disability Services (KDADS); three officials at LSH; and a former court-appointed attorney.  Plaintiff challenged the constitutionality of the SPTP under the KSVPA as applied to him, especially in light of having been granted parole in the past, including with respect to his 2024 annual review of his status by state officials; he challenged various disciplinary actions taken against him at LSH over the last four years; and he alleged that the defendant attorney rendered ineffective assistance by failing to communicate with him and by failing to appeal court decisions relating to his 2024 annual review.  Plaintiff sought declaratory and injunctive relief – including his release from confinement – and also requested monetary damages.

In its Order of May 23, in concluding that the complaint failed to state a proper claim for relief, the Court cited the following bases:  (1) claims for damages against

defendants in their official capacities and claims for injunctive relief against defendants in their individual capacities are prohibited by Eleventh Amendment immunity; (2) because plaintiff did not allege facts to show that any particular defendant had responsibility to enforce the KSVPA, claims against defendants in their official capacities are subject to dismissal for that reason as well; (3) with the exception of the claim involving the attorney, all claims are subject to dismissal because of plaintiff's failure to allege the personal participation of any defendant in any of the alleged conduct at issue; (4) plaintiff's claims that he should be released because the KSVPA is unconstitutional as applied to him improperly challenge the fact of his confinement instead of the conditions of his confinement as required for a Section 1983 claim; (5) the Supreme Court has already held that the KSVPA is constitutional; (6) plaintiff's claims based on disciplinary actions taken in 2021 and 2022 are barred by the applicable two-year statute of limitations; (7) plaintiff did not allege sufficient facts to state a due process claim based on such disciplinary actions; (8) any claim for a violation of state law based on disciplinary actions cannot serve as the basis for a claim under Section 1983 (and the Court would decline to exercise supplemental jurisdiction over such a claim); and (9) plaintiff cannot state a claim against his attorney under Section 1983 because the attorney was not a state actor with respect to his performing traditional functions in proceedings under the KSVPA. *See Hemby v. Howard*, 2025 WL 1489142 (D. Kan. May 23, 2025) (Lungstrum, J.).

In his proposed amended complaint, plaintiff names as defendants, all in their official capacities only, the following: the Kansas Attorney General; the Kansas Secretary of KDADS; 14 officials or employees at LSH; and the court-appointed attorney. He again

asserts claims in which he challenges the constitutionality of the KSVPA as applied to him, disciplinary actions taken against him, and the conduct of his attorney. He now seeks only injunctive relief, including his release.

## II.    Applicable Screening Standards

As noted in the Court's prior order, because plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court may screen his claims to determine their sufficiency. *See id.* § 1915(e)(2); *Ryan v. Kansas*, 2024 WL 4452312, at *2 (D. Kan. Oct. 9, 2024) (Lungstrum, J.) (citing cases). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a *pro se* plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere

4

conclusions characterizing pleaded facts." *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555 (internal quotations omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under Section 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard that governs that right. *See id.*

### III.     Analysis of Proposed Amended Claims

Plaintiff did not file a brief in response to the Court's order to show cause, and thus he has failed to argue or show that the Court's prior analysis, by which it determined that plaintiff had not stated a proper claim for relief under Section 1983, was not correct. Instead, plaintiff seeks to proceed pursuant to an amended complaint, in which he has changed the roster of defendants and abandoned any request for damages, but in which he asserts the same basic claims as before. The Court concludes that the claims are still

deficient for the reasons cited previously; therefore the Court denies the motion to amend and dismisses this action for failure to state a claim.

First, plaintiff's claims by which he challenges the constitutionality of the KSVPA as applied to him still do not state a valid claim for relief under Section 1983. Plaintiff again seeks his release as a remedy for these claims, and as the Court explained before, such a claim that challenges the fact of plaintiff's confinement instead of the conditions of his confinement cannot serve as the basis for a Section 1983 suit. *See Hemby*, 2025 WL 1489142, at *4 (citing cases). Moreover, as the Court previously noted, the Supreme Court has upheld the constitutionality of the KSVPA, *see id.* (citing *Kansas v. Hendricks*, 521 U.S. 346 (1997)); and plaintiff has still failed to allege sufficient facts to show that the statutory scheme has been amended such that the Supreme Court's ruling should be deemed no longer to apply.

Second, plaintiff has still not stated a valid federal claim based on disciplinary actions taken against him. Plaintiff appears to base his claim solely on actions in 2024, as he notes that such conduct falls within the two-year limitations period. He primarily alleges that such actions violate state law including the KSVPA; but, again, a violation of state law may not serve as the basis for a claim under Section 1983, and the Court would decline to exercise supplemental jurisdiction over any such claim in the absence of a remaining federal claim. *See id.* at *5 (citing cases). To the extent that plaintiff attempts also to assert a federal constitutional claim based on 2024 disciplinary actions (although it is not clear that he is doing so), he again has failed to allege facts indicating that the challenged actions were excessive in relation to the purposes of his confinement, or that they were atypical or

6

created a significant hardship in relation to the ordinary incidents of life in the SPTP such that due process was violated.  *See id.* (citing cases).

Third, plaintiff may not assert the claim against his attorney under Section 1983. Plaintiff has now alleged that his attorney was a state actor, but he has not alleged any facts to support an argument that the challenged conduct fell outside the normal scope of his work representing plaintiff in proceedings under the KSVPA.  Accordingly, the defendant attorney was not acting as a state actor as a matter of law, as discussed in the Court's prior order.  *See id.* (citing cases).

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to amend his complaint (Doc. # 4) is hereby **denied**, and this action is hereby **dismissed** for failure to state a claim.

IT IS SO ORDERED.

Dated this 31st day of July, 2025, in Kansas City, Kansas.

  /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge